CATHERINE CORTEZ MASTO
Attorney General
JOANNA N. GRIGORIEV
Deputy Attorney General
Nevada Bar No. 5649
555 East Washington Avenue, Suite 3900
Las Vegas, NV 89101
(702) 486-3101
SHANE S. CHESNEY
Senior Deputy Attorney General
Nevada Bar No. 6933
100 North Carson Street
Carson City, NV 89701-4717
(775) 684-1215

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| PAYROLL SOLUTIONS GROUP; LIMITED INC., a Nevada corporation; PAYROLL SOLUTIONS, INC., a Nevada corporation; PAYROLL SOLUTIONS I, INC., a Nevada Corporation; PAYROLL SOLUTIONS II, INC., a Nevada corporation; PAYROLL SOLUTIONS III, INC., a Nevada corporation; PAYROLL SOLUTIONS IV, INC., a Nevada Corporation; PAYROLL SOLUTIONS V, INC., a Nevada corporation; PAYROLL SOLUTIONS VI, INC., a Nevada corporation; PAYROLL SOLUTIONS VII, INC., a Nevada Corporation; PAYROLL SOLUTIONS VIII, INC., a Nevada corporation; HOWARD WINTERS, an individual; SUZANNE WINTERS, an individual; TIMOTHY MENIFIELD, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>THE STATE OF NEVADA, on Relation of its DEPARTMENT OF BUSINESS AND INDUSTRY, DIVISION OF INSURANCE, ALICE MOLASKY-ARMAN, individually and in her official capacity as the COMMISSIONER OF INSURANCE, DOES I through X, inclusive, DOE AGENCIES I thru X, inclusive, and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 02-CV-06-00927-JCM-RJJ<br><br><br><br>**ORDER GRANTING PARTIAL SUMMARY JUDGMENT** |

///

1  This matter came before the Court on June 13, 2010. Pending before the Court was
2 defendants' March 10, 2010 Motion for Summary Judgment (#66) to declare
3 NRS 616B.691(2) pre-empted by the Federal Law, ERISA, to which plaintiffs filed a Response
4 (#77) on May 4, 2010. Defendants filed their Reply brief (#79) on May 24, 2010 and the Court
5 ordered that the matter be argued on July 13, 2010 (#80). At the hearing, Martha J. Ashcraft,
6 Esq. appeared on behalf of plaintiffs. Deputy Attorneys General Joanna Grigoriev and Shane
7 Chesney appeared for the defendants.

8  After careful consideration of all filed submissions and the arguments of counsel, the
9 Court finds that NRS 616B.691(2) is pre-empted by the federal Employee Retirement Income
10 Security Act of 1974 ("ERISA"). NRS 616B.691(2) impermissibly declares that benefit plans
11 offered by employee leasing companies, such as defendants', that are in all respects Multiple
12 Employer Welfare Arrangements ("MEWAs") under state and federal law shall nevertheless
13 be legally deemed single employer plans, ("SEPs") for purposes of ERISA.

14  ERISA's pre-emption is broad. Congress enacted ERISA as a comprehensive
15 legislative scheme "to promote the interests of employees and their beneficiaries in employee
16 benefit plans." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 103 S. Ct. 2890, 2896 (1983).
17 Congress included a pre-emption clause, section 514(a) which is, "[c]onspicuous for its
18 breadth. It establishes as an area of exclusive federal concern the subject of every state law
19 that 'relate[s] to' an employee benefit plan governed by ERISA." See, *FMC Corp. v. Holliday*,
20 498 U.S. 52, 58, 111 S. Ct. 403, 407 (1990). Section 514(a) provides that ERISA,
21 "[s]upersede[s] any and all State laws insofar as they may now or hereafter relate to any
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

employee benefit plan." See, 29 U.S.C. § 1144(a). The U.S. Supreme Court in *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 482 (1990) citing *Holliday* elaborates on this point further:

> Where, as here, Congress has expressly included a broadly worded pre-emption provision in a comprehensive statute such as ERISA, our task of discerning congressional intent is considerably simplified. In § 514(a) of ERISA, as set forth in 29 U.S.C. § 1144(a), Congress provided:
>
> "Except as provided in subsection (b) of this section, the provisions of the subchapter and subchapter III of the chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under 1003(b) of this title." *Id.*

Thus, the key to determining whether the broad pre-emption by ERISA applies to a questionable state law is by examining whether or not the state law "relates" to any employee benefit plan. In the case of NRS 616B.691(2), it clearly does.

In *Ingersoll-Rand Co., supra*, 498 U.S. at 141, 111 S.Ct. at 483, explained that to determine whether a law "relates" to an employee benefit plan, it should have a connection or reference to such plan. (*Citing, Shaw*. 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2900 (1983)).

> Under this "broad common-sense meaning," a state law may "relate to a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect. *Id.*, (*Citing, Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 1552-53 (1987)).

NRS 616B.691(2) specifically references employee benefit plans under ERISA with the language that an employee leasing company, '[s]hall be deemed to be the employer of its leased employees for the purposes of sponsoring and maintaining any benefit plans, [i]ncluding, without limitation, for the purposes of the Employee Retirement Income Security Act of 1974", it indisputably "relates" to an employee benefit plan and is thus pre-empted.

///
///
///
///

Therefore it is the judgment of this Court that NRS 616B.691(2) is pre-empted insofar as it conflicts with and declares what is a SEP under ERISA. Only federal law may determine what is a SEP or a MEWA under ERISA. Accordingly, the defendants Motion for Summary Judgment (#66) is hereby PARTIALLY GRANTED.

**IT IS SO ORDERED.**

_____
James C. Mahan
U.S. District Court Judge
Dated: August 6, 2010

Submitted by:

CATHERINE CORTEZ MASTO
Attorney General

/s/ Shane S. Chesney
SHANE S. CHESNEY
Senior Deputy Attorney General
Nevada Bar No. 6933
100 North Carson Street
Carson City, Nevada 89701
(775) 684-1215